IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-49-FL

| | |
|---|---|
| ANTHONY MACON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter comes before the court on plaintiff's motion (DE 23) for attorney's fees pursuant to 42 U.S.C. § 406(b). Defendant filed a response neither supporting nor opposing the motion, but noting the high hourly rate in this case. In this posture the matter is ripe for ruling.

## BACKGROUND

On June 14, 2018, defendant issued a notice of award of benefits, calculating past due disability benefits for the period of July 2003 through March 2018, in the amount of $347,343.60. Such past due benefits culminated almost fifteen years of administrative and court proceedings for plaintiff during which plaintiff was represented by multiple attorneys at the law firm Kathleen, Shannon, Glancy, P.A. (collectively, herein, "counsel"). At the administrative level, plaintiff received four unfavorable decisions, in 2006, 2010, 2013, and 2016, including administrative appeals, before receiving final favorable decision after fifth hearing held March 8, 2018. In federal court, upon briefing by counsel, this court remanded twice for further administrative proceedings,

first on March 31, 2009 (in case number 7:07-CV-203-FL), and second on September 19, 2011 (in the instant case). In both instances, the court awarded attorneys fees in the combined amount of $7,410.02, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), upon determination that the position of the United States in litigation was not substantially justified.

Plaintiff filed the instant motion for attorney's fees on July 11, 2018, seeking to recover $86,835.90, representing 25% of the past due disability benefits awarded, with provision to refund to plaintiff the $7,410.02 in EAJA fees previously awarded. In support of the motion, plaintiff has filed a detailed memorandum of law; notice of award of benefits; contingency-fee agreements between counsel and plaintiff, executed in 2018, 2014, 2007, and 2004; statement by plaintiff in support of fees; and attorney time records.

In response, defendant notes that awarding the full amount requested by plaintiff would result in reimbursement at a rate of more than $1,800.00 per billed hour in federal court.

## DISCUSSION

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 % of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C.A. § 406(b)(1)(A). The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in a particular case." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

2

"[A] reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (quoting Gisbrecht, 535 U.S. at 808). In reviewing the request for fees, a "reviewing court should disallow 'windfalls for lawyers.'" Gisbrecht, 535 U.S. at 808 (quoting Rodriguez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989)).

Although there is no bright-line test for determining whether a fee will result in a "windfall," this court has considered several factors, including "(1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." Perrigo v. Astrue, 5:08-CV-626-FL, 2012 WL 3903896 *4 (E.D.N.C. May 22, 2012) (quotations omitted); Abernathy v. Astrue, No. 4:08–CV–99–FL, 2011 WL 488657, at *2 (E.D.N.C. Feb. 7, 2011); see Mudd, 418 F.3d at 428 (identifying factors relevant to reasonableness as "the overall complexity of the case, the lawyering skill necessary to handle it effectively, the risks involved, and the significance of the result achieved in the district court.").

In this case, the court finds the fee reasonable based on consideration of all these factors. The fee is in line with the contingency-fee character of the representation and the results achieved, where counsel achieved a successful remand resulting in a substantial award of benefits for plaintiff, following multiple unusually protracted administrative proceedings and two federal court cases.

3

Counsel did not unreasonably delay during the pendency of the case in court. The record evidences significant effort by counsel through pleadings which were not boilerplate, and through arguments which involved both real issues of material fact and required legal research. Indeed, counsel filed detailed objections to the magistrate judge's memorandum and recommendation in case No. 7:07-CV-203, following which the court rejected in part the memorandum and recommendation and remanded on th basis set forth in plaintiff's objections (See Order, March 31, 2009, No. 7:07-CV-203-FL). In addition, counsel evidences efficient handling of this case through extensive past experience in representing clients in other social security cases, as well as commitment to the instant plaintiff through multiple administrative denials despite extensive amount of time without payment of fee.

Defendant urges this court to consider the effective hourly rate that would result from the fee award. Plaintiff's counsel requests that the court award him $79,425.88 ($86,835.90, minus $7,410.02 already received under EAJA), for an asserted time expenditure of 43.5 hours of attorney work in this case and case No. 7:07-CV-203-FL, resulting in an effective hourly rate of $1,825.88 per hour. In light of the factors enumerated above that support the fee award here, the court does not find consideration of the effective hourly rate alone determinative of the reasonableness inquiry in this case. Indeed, "an excessively high hourly rate alone does not render an otherwise reasonable fee unreasonable," and consideration of what constitutes a windfall may be based on many factors such as those listed above in the discretion of the district court, including the contingency-fee character of the representation. Jeter v. Astrue, 622 F.3d 371, 382 (5th Cir. 2010); see Mudd, 418 F.3d at 428.

Under the unique factors of this case, the court finds that effective hourly rate is not so substantially out of line with fee awards in other social security cases in the Fourth Circuit as to amount to a "windfall" here. See, e.g., Mudd, 418 F.3d at 426-27, 428 (upholding the district court's award of $12,231.50 for 16.6 hours of work (effective hourly rate of $736.83)); Huttner v. Colvin, 5:12-CV-166-FL, 2014 WL 1775065 *2 (E.D.N.C. May 2, 2014) (awarding $17,000.00 for 21.25 hours of work (effective hourly attorney rate of $800.00)); Washington v. Colvin, 5:08-CV-55-FL, 2013 WL 1810586 *3 (E.D.N.C. April 29, 2013) (awarding $23,165.50 for 24 hours of work (effective hourly rate of $965.23 per hour)); Perrigo, 5:08-CV-626-FL, 2012 WL 3903896 *2 n.1 & *5 (E.D.N.C. May 22, 2012) (awarding $18,629.25 in fees for 22 hours (effective hourly rate of $846.78)); Claypool v. Barnhart, 294 F. Supp. 2d 829, 833-34 (S.D. W. Va., Oct. 9, 2003) (approving requested award of $18,000.00 for 12.56 hours (effective hourly rate of $1,433.00)); but see Cooper v. Astrue, 4:09-CV-177-D, 2012 WL 2872446 *3 (E.D.N.C. July 12, 2012) (reducing fee request of $8,988 to $6,875, on basis that effective hourly rate of $359.52 for 25 hours of work is unreasonable, and employing effective hourly rate of $275).

While the effective hourly rate here, $1,825.88, is unprecedented and more than that in the above-cited cases, the instant case presents exceptional circumstances, involving almost fifteen years of administrative and court proceedings for plaintiff during which plaintiff was represented by multiple attorneys at the same law firm; four unfavorable administrative decisions and one favorable administrative decision; two federal court cases resulting in remand; two previous awards of EAJA fees; and a significant result achieved both in court and administratively. Given the unusually long period of time upon which counsel worked for plaintiff, and the financial risks involved with providing representation during that extended time without compensation, an award of attorney's

fees in accordance with the contingency fee arrangement between plaintiff and counsel is reasonable.

In sum, the court finds reasonable the $86,835.90, requested in this case, with refund to plaintiff of $7,410.02 already received under EAJA.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees is ALLOWED in the full amount requested. Defendant shall release to plaintiff's counsel fees under section 206(b) of the Act, 42 U.S.C. § 406(b), in the amount of $86,835.90, with refund to plaintiff of $7,410.02, representing the prior EAJA awards.

SO ORDERED, this the 2nd day of November, 2018.

LOUISE W. FLANAGAN
United States District Judge